# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2015

Lyle W. Cayce
Clerk

No. 14-41082
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUGO MORALES-TELLEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-777-3

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hugo Morales-Tellez (Morales) pleaded guilty, pursuant to a written plea agreement, to conspiracy to conceal illegal aliens, in violation of 8 U.S.C. § 1324. He was sentenced at the low end of the guidelines range to 30 months of imprisonment. For the first time on appeal, Morales asserts the district court erred under FED. R. CRIM. P. 11 in failing to advise him that he would be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41082

denied naturalization as a consequence of his plea, which failure rendered his plea unknowing and involuntary.

Because Morales did not raise the issue before the district court, our review is for plain error only. *United States v. Vonn*, 535 U.S. 55, 63 (2002). To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights, meaning, in the context of a guilty plea, that he would not have pleaded guilty but for the error. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court admonished Morales that, if he was not a citizen, his plea could result in his removal from the United States and his inability to return. We need not decide whether the district court's statement was clear or obvious error under Rule 11(b)(1)(O) because, even if it was, Morales has not shown that his substantial rights were affected as a result. Morales has abandoned by failing to brief any argument that he would not have pleaded guilty but for the court's allegedly insufficient advice. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); *see also Dominguez Benitez*, 542 U.S. at 83. Even had he briefed the argument, it would be unpersuasive given the fact that, at rearraignment, the district court ascertained that he understood the nature of the charges against him and the consequences of his plea, including the immigration consequences, and Morales confirmed that his plea was knowing and voluntary, not the result of any threats or promises apart from the plea agreement. Moreover, as Morales concedes, the written plea agreement, which he affirmed he had reviewed carefully with his attorney, specifically advised that his plea would result in the denial of citizenship. That

No. 14-41082

being so, Morales cannot show that he would not have pleaded guilty but for the district court's allegedly inadequate Rule 11 statements. *See Dominguez Benitez*, 542 U.S. at 83.

Morales has failed to carry his burden of demonstrating any reversible plain error on the district court's part. *See id.; see also Puckett*, 556 U.S. at 135. Accordingly, the district court's judgment is AFFIRMED.